UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARY K. MORRIS,
:
:
  Plaintiff
:
:  NO. 3:CV-04-1439
-vs-
:
:  (Judge Kosik)
:
JO ANNE B. BARNHART,
:
Commissioner of Social Security,
:
:
  Defendant
:

# **MEMORANDUM**

Before the court is a dispute concerning a decision by the Commissioner of Social Security in which the Commissioner denied plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income, 42 U.S.C. §§401-433, 1381-1383f. The record is being reviewed pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to determine whether there is substantial evidence to support the Commissioner's decision. The matter was assigned to United States Magistrate Judge J. Andrew Smyser. The Magistrate Judge found that the Commissioner's decision was supported by substantial evidence and recommended that the plaintiff's appeal be denied. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

## Background

The plaintiff, Mary K. Morris, filed applications for Disability Insurance Benefits and Supplemental Security Income on November 14, 2002. Plaintiff's claims were denied initially and a hearing was requested. A hearing was held before an Administrative Law Judge on January 15, 2004. On February 26, 2004, the Administrative Law Judge issued

a decision denying benefits. Plaintiff requested review of the decision by the Appeals Council, and her request for review was denied on May 14, 2004.

Plaintiff filed a complaint in this court on July 6, 2004. An answer to the complaint was filed on September 17, 2004. Appropriate briefs were filed in support of and in opposition to plaintiff's appeal. On January 24, 2005, the Magistrate Judge issued his Report and Recommendation wherein he recommended that the Commissioner's findings be affirmed. On January 31, 2005, plaintiff filed objections to the Magistrate Judge's Report and Recommendation. A brief in support of the objections was filed on March 3, 2005. Defendant's response to plaintiff's objections was filed on March 17, 2005.

In the objections and brief, the plaintiff raises four objections arising out of the evidence presented by Dr. Klein. Specifically, the plaintiff argues: (1) that the Magistrate Judge erred in giving the same weight to a non-examining state agency physician's opinion and to the opinion of Dr. Klein who examined the plaintiff and performed objective diagnostic tests; (2) that the Magistrate Judge erred in rejecting Dr. Klein's opinion as biased simply because it supported disability; (3) that the Magistrate Judge erred in failing to require that the Administrative Law Judge give an adequate explanation for rejecting Dr. Klein's opinion; and (4) that the Magistrate Judge erred in rejecting Dr. Klein's opinion because it was based on the plaintiff's subjective symptoms. We will review plaintiff's objections to the Report and Recommendation of the Magistrate Judge in light of the instant record.

## Discussion

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1); *see* Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3.

Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980).

When a claimant appeals from a final judgment by the Commissioner of the Social Security Administration, the district court should uphold the Commissioner's decision if it is supported by substantial evidence. 42 U.S.C. §405(g); <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999); <u>Stunkard v. Secretary of Health and Human Serv.</u>, 841 F.2d 57, 59 (3d Cir. 1988). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. <u>Id.</u> It is less than a preponderance of the evidence but more than a mere scintilla. <u>Id.</u>

A five-step evaluation process is used to determine whether a person is eligible for disability benefits. <u>See</u> 20 C.F.R. §404.1520, 416.920.[1] If it is found that a plaintiff is disabled or not disabled at any point in the sequence, review does not proceed beyond that step in the sequence. 20 C.F.R. §404.1520, 416.920.

The first step of the process requires the plaintiff to establish that he has not engaged in "substantial gainful activity." <u>See</u> 20 C.F.R. §404.1520, 416.920. The second step involves an evaluation of whether the plaintiff's impairment or combination of impairments is severe, so that it significantly limits the plaintiff's ability to perform basic work activities. <u>See</u> 20 C.F.R. §404.1520(c). Third, the Social Security Administration will look to see if the plaintiff's impairments or combination of impairments meets or equals those listed in Appendix 1, Subpart P, Regulation No. 4.

If it is determined that the plaintiff's impairment does not meet or equal a listed impairment, the Commissioner must continue to the fourth step in the sequential evaluation process and consider whether the plaintiff has the residual functional capacity to perform

---

[1] We note that the same evaluation process is used to determine both Disability Insurance Benefits and Supplemental Security Income. <u>See</u> <u>Morales v. Apfel</u>, 225 F.3d 310 (3d Cir. 2000).

past relevant work. *See* 20 C.F.R. §404.1520(e). If the plaintiff establishes that he is unable to perform past relevant work, then the inquiry proceeds to step five. At this stage, the burden of the proceedings shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the plaintiff is able to perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience. 20 C.F.R. §404.1520(a), 416.920.

In applying the evaluation process in this case, the Administrative Law Judge found (1) that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) that the plaintiff's medically determinable impairments were considered severe; (3) that the plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; and (4) that the plaintiff's medically determinable impairments did not prevent her from performing her past relevant work as a store laborer, commercial cleaner and threader.[2] Thus, the Administrative Law Judge determined that plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision.

In her objections, plaintiff raises questions about the findings of the Magistrate Judge and Administrative Law Judge concerning the opinion of Dr. Raymond Klein, a licensed psychologist.

A review of the record shows that Dr. Klein conducted an occupational assessment of plaintiff. Dr. Klein met with plaintiff on one occasion. Plaintiff was interviewed and tested with a Minnesota Multiphasic Personality Inventory -2. In his two-page evaluation letter, Dr. Klein concludes that plaintiff's impairments severely limit her ability to function in work related activities.[3]

---

[2] *See* Decision of Administrative Law Judge, R. 9-14.

[3] *See*, R. 233-234.

In her evaluation of the evidence, the Administrative Law Judge found that the plaintiff's allegations concerning her symptoms and limitations were not entirely credible and not supported by the record. Moreover, in evaluating the opinion of Dr. Klein, the Administrative Law Judge determined:

> In January 2004, Raymond Klein, a licensed psychologist, concluded that the claimant was severely limited in her abilities to function in work-related abilities, which would preclude her functioning gainfully (Exhibit 15F). However, the undersigned notes that this opinion was based on a one time examination of the claimant and that most of the findings were based on the claimant's subjective allegations, which as previously indicated, are not generally credible. Therefore, this opinion is accorded little weight.[4]

In her first objection, plaintiff questions the weight attributed to the opinion of the non-examining state agency physician and the weight given to the opinion of Dr. Klein, who examined the plaintiff and performed objective diagnostic tests. A review of the record shows that the examining state agency psychological consultant's opinion was accorded limited weight by the Administrative Law Judge. As the Administrative Law Judge and Magistrate Judge point out, the record shows that Dr. Klein examined the plaintiff only one time and administered an MMPI test. Thus, Dr. Klein's testimony was properly evaluated as a consultative examiner, and not as a treating physician, as plaintiff argues. While we recognize that a treating physician's report should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time, <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000), we agree with the Magistrate Judge that Dr. Klein was not a treating physician. Therefore, we agree with the Magistrate Judge's finding that based on the record, the Administrative Law Judge gave appropriate consideration to Dr. Klein's report in according it "little weight."

---

[4] <u>See</u> R.12.

In plaintiff's second and third objections, plaintiff again disputes the weight given to Dr. Klein's opinion. These objections are premised upon a finding that Dr. Klein be viewed as a treating physician. Because we agree with the Magistrate Judge that Dr. Klein was not a treating physician of plaintiff, but merely a consultative examiner, we find that the Administrative Law Judge correctly assessed Dr. Klein's report in light of the record.

In her fourth objection, plaintiff argues that the Magistrate Judge erred in rejecting Dr. Klein's opinion because it was based on plaintiff's subjective symptoms. As noted above, the Administrative Law Judge determined that Dr. Klein's report was also to be accorded little weight because most of Dr. Klein's findings were based on the claimant's subjective complaints, which the Administrative Law judge found to be not generally credible.[5] As the Magistrate Judge points out, the Administrative Law Judge specifically outlined the symptoms stated by plaintiff in the record, and gave a detailed account of why she discounted plaintiff's complaints. Further, as the Magistrate Judge points out, Dr. Klein appears to accept the truthfulness of plaintiff's reported subjective symptoms without any other basis for his analysis. Thus, we find no merit to plaintiff's fourth objection.

---

[5] As the court points out in *Frazier v. Apfel*, 2000 WL 288246 (E.D.Pa., March 7, 2000), *aff'd* 234 F.3d 1264 (3d Cir. 2000) (Table).

> "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991)("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.").

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARY K. MORRIS, :
:
        Plaintiff :
: NO. 3:CV-04-1439
-vs- :
: (Judge Kosik)
:
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
:
        Defendant :

# **ORDER**

AND NOW, this 26th day of April, 2005, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge J. Andrew Smyser dated January 24, 2005 (Document 14) is **ADOPTED**;

(2) The plaintiff's appeal is **DENIED**;

(3) The decision of the Commissioner is **AFFIRMED**;

(4) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

                                                s/Edwin M. Kosik
                                           United States District Judge